Lorne J Kelman, Esq.
Attorney for petitioner
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 887-0730

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ERRON ANTHONY CLARKE
Alien# A236404038
                    -Petitioner

             -against-

Nassau County Correctional Center,
U.S. Department of Homeland Security
and Executive Office for Immigration Review
                    -Respondents

PETITION & AFFIRMATION FOR
**A WRIT OF HABEAS CORPUS,**

Case No.

---

Petitioner by his attorney, Lorne J. Kelman, complaining of the Respondent respectfully sets forth and allege:

1. I, Lorne J. Kelman, an attorney admitted to practice before the courts of the State of New York affirms under penalty of perjury the following:

2. I represent the Petitioner, a Jamaican national who is scheduled for imminent removal to his native Jamaica by the U.S Department of Homeland Security (DHS).

<u>JURISDICTION & VENUE</u>

3. Petitioner brings this action under 28 USC §2241 and §2242.

4. This Court is empowered under 28 USC §2241 and §2242 to grant the Writ of Habeas Corpus and to declare the rights of the parties herein.

5. Jurisdiction over habeas corpus petitions exists where the petitioner's custodian can be reached by service of process from the court in which the petition has been brought, see- *Rasul v. Bush, 542 U.S. 466 (2004).*

6. Venue is proper since petitioner is being held by DHS in East Meadow, New York.

## PARTIES

7. Petitioner is an individual and national of Jamaica currently detained at the Nassau County Correctional Center in East Meadow, Nassau County, New York by DHS.

8. Defendant U.S Department of Homeland Security (DHS) has the authority pursuant to 8 USC § 1226 and 1357 to arrest and or detain aliens in the United States and regulate the admission, exclusion, expulsion, or removal of aliens.

9. Defendant Nassau County Correctional Center, is a detention facility used by DHS to detain aliens.

10. Defendant Executive Office for Immigration Review (EOIR) is a sub-agency of the United States Department of Justice whose chief function is to conduct removal proceedings, bond and custody hearings in immigration courts, and adjudicate appeals arising from the proceedings.

## FACTS

11. The petitioner is a citizen of Jamaica who first entered the United States in or about 2018 with a visa.

12. Petitioner subsequently married a US citizen who recently filed a spousal petition on his behalf.

13. Petitioner filed an application for Adjustment of Status to permanent residence with DHS which remains pending.

14. Last week, petitioner attended a biometrics appointment scheduled by DHS and was arrested by DHS officials immediately afterwards. Petitioner is being detained at East Meadow, New York without parole or bail and upon information and belief, DHS has no intention of so doing.

15. This, despite the fact that petitioner was an exemplary employee with no history of violence, drug-related activities nor criminal activity.

16. On September 5, 2025, EOIR issued a ruling in which it divested itself of jurisdiction to make bond and custody determinations. (Matter of Jonathan Javier YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025) ("the EOIR ruling")

### GROUND ONE: Violation of Clear Congressional Delegation

17. Both 8 U.S.C.1226(a) and 8 C.F.R. §1236.1(d) explicitly delegate authority to EOIR to "release the alien, and determine the amount of bond, if any". By refusing to exercise jurisdiction, the EOIR ruling is in direct contradiction to the statutes and violates basic principles of statutory interpretation.

### GROUND TWO: Failure to Apply Constitutional Avoidance.

18. Petitioner also submits that the EOIR ruling effectively condemns petition to indefinite detention- a result that was found to be unconstitutional in that it violates the Suspension Clause of the Constitution as per *Zadvydas v. Davis,* et al., 121 S. Ct. 2491 (June 28, 2001) and *Boumediene v. Bush,* 553 U.S. 723 (2008).

### GROUND THREE: Creation of Indefinite Detention Without Due Process

19. The EOIR ruling means petitioner will be permanently detained without hearing- a direct violation of his Due Process right under the Constitution.

20. Petitioner has a strong work ethic and if released, would immediately obtain employment to support himself pending the resolution of his residence application.

21. Petitioner submits that since he is neither a flight risk nor danger to society, has family and friends in the USA and there is no reason not to permit his release and that the decision to detain him acts to thwart and frustrate his ability to effectively pursue his asylum claim.

22. This is the first time petitioner has applied for relief of this nature.

23. Further, petitioner has exhausted all administrative remedies available to him.

## PRAYER

WHEREFORE, petitioner seeks relief in the nature of the following:

- An Order granting the Writ of Habeas Corpus;

- An Order granting the Writ of Mandamus as against EOIR so that a determination on his bond and custody application can be made;

- Any such further or other relief as this court deems just.

All of which is respectfully submitted,

Dated: December 7, 2025
Valley Stream, NY

LORNE J. KELMAN,
Attorney for petitioner
70 East Sunrise Highway #500
Valley Stream NY 11581
Tel: (516) 887 0730

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                  Case No.

---

ERRON ANTHONY CLARKE
Alien# A236404038
                        -Petitioner
   -against-                                  Case No.

Nassau County Correctional Center,
U.S. Department of Homeland Security
and Executive Office for Immigration Review
                -Respondents


==========================================================
### PETITION & AFFIRMATION FOR WRIT OF HABEAS CORPUS
==========================================================


Lorne J Kelman, Esq.
Attorney for petitioner
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 887- 0730