**FILED**
**CLERK**

5:23 pm, Dec 09, 2025

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ERRON ANTHONY CLARKE,

        Petitioner,

   v.

NASSAU COUNTY CORRECTIONAL
CENTER, U.S. DEPARTMENT OF
HOMELAND SECURITY and
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

        Respondents.

-------------------------------------------------------x

ORDER
25-CV-6773 (GRB)

**GARY R. BROWN, United States District Judge**:

      Yesterday, petitioner ERRON ANTHONY CLARKE filed a writ of habeas corpus with the Court pursuant to 28 U.S.C. §2241 and 2242. DE 1. According to the Petition, Clarke is a national of Jamaica currently detained at the Nassau County Correctional Center ("NCCC"). He alleges (and the Government now confirms) that he entered the country with a validly issued visa in 2018. DE 6 at 5. That visa, however, expired in November 2018. *Id.* Clarke remained in the United States without authorization. In 2023, he married a U.S. citizen, who recently filed a spousal petition, sponsoring him for legal residency. DE 1 at 2. His application for "Adjustment of Status to permanent residence" remains pending with DHS. *Id.*

      On December 5, Clarke attended a "biometrics appointment" scheduled by DHS, which purported to be a session permitting the agency to collect biometric data in furtherance of his application for residency. Immediately following this appointment, he was arrested by DHS agents, who "without parole or bail" arranged for his detention at the NCCC. DE 1 at 3. He alleges

that he was an "exemplary employee with no history of violence, drug-related activities nor criminal activity." *Id.* While the Petition purports to offer several legal theories under which Petitioner might obtain relief, the most significant of these focus of the lack of due process in connection with his arrest and detention.[1]

Upon receipt of the petition, the Court entered an Order to Show Cause that provided, among other things, a briefing schedule, a hearing date and provision that the Petitioner should remain available for further proceedings in the district. Electronic Order dated December 8, 2025. Earlier today, the Court entered the following:

> SUPPLEMENTAL SHOW CAUSE ORDER - Upon further review of the petition, based upon the information contained therein, it appears petitioner was admitted to the United States with a valid visa in 2018, subsequently married a U.S. citizen and has no record of criminal activity, violence or drug-related activities. It also appears that the EOIR has improperly refused to conduct a bail proceeding concerning petitioner. As such, the Government shall file a written submission via ECF by 3 p.m. today indicating whether it has any cause to oppose petitioner's release on bail pending resolution of the petition. *See Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001) ("federal courts have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in criminal habeas cases"). Petitioner's counsel may also file by 3 p.m. any additional materials that bear on petitioner's suitability for release on bail pending resolution of the petition.

Electronic Order dated December 9, 2025.

This case, in many important respects, bears similarity to several recent decision in which district judges in this Court and the Southern District of New York have grappled with arrests by

---

[1] Petitioner rests much of the Petition on the EOIR decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 218 (BIA 2025), by which, the Petitioner argues, the Board of Immigration Appeals has abdicated much of its legal responsibility concerning bond hearings. However, the Government notes that because that decision relates to detention imposed under INA §235, whereas the instant matter involves INS §236, it is simply inapplicable.

DHS which ran afoul of Due Process protections, statutes and regulations. *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) (issuing writ for legal resident improvidently arrested and detained); *Huang v. Almodovar et al.*, No. 25 CIV. 9346 (DEH), 2025 WL 3295912, at *4 (S.D.N.Y. Nov. 26, 2025**)** (ordering release of Petitioner**,** who entered country without legal status, and enjoined future detention under certain circumstances).

Judge Bulsara's decision in *Gopie* offers a precise, detailed review of the applicable provisions governing arrests by immigration authorities, which is incorporated herein by reference. Based on this analysis, as part of its response to the pending Order to Show Cause, counsel for Respondents shall provide documentation relating to the following:

1. The issuance of a "Notice to Appear" (NTA) related to a removal process related to the Petitioner;

2. Any arrest warrant (I-200) issued for the Petitioner's apprehension;

3. Any individualized custody determination relating to Petitioner made by an ICE officer prior to or contemporaneously with his arrest;

4. Any "Notice of Custody Determination" that had been prepared by DHS and/or provided to Petitioner; and

5. Whether any such detention determination was made as a matter of discretion, or part of a mandatory policy and what factors were considered in reaching the result.

In lieu of such documentation, the Court would invite testimony by appropriate witnesses at the hearing as to these issues. If such documentation or witnesses do not exist or cannot be provided,

3

the Court would urge Government counsel to consider whether further litigation is required in this matter.

    Dated: December 9, 2025
           Central Islip, New York

                                        SO ORDERED.

                                        */s/ Gary R. Brown*
                                        GARY R. BROWN
                                        United States District Judge