Janon Fisher
Court Reporter, *Newsday*
6 Corporate Drive
Melville, NY 11747
Janon.Fisher@newsday.com
(646) 591-8732



Feb. 3, 2026

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722



**Re: Request for Public Access to Docket Entry #11 (Entered December 16, 2025)**

Dear Judge Brown:

I write on behalf of *Newsday* to respectfully request that **Docket Entry #11**, entered on December 16, 2025, be made accessible to the public through the Court's ECF system. The entry is described on the docket as:

> *"Letter Response to Second Supplemental Order to Show Cause by U.S. Department of Homeland Security (Attachments: #1 Affidavit in Support)"* *(Hayes, Richard) (Entered: 12/16/2025)*

Although the docket does not indicate that this submission is sealed, the ECF hyperlink produces a notice stating: *"You do not have permission to view this document."* As a result, members of the press and public are unable to review a filing that appears, on its face, to be a judicial document submitted in response to an order of this Court.

**Sealing procedures have not been followed**

Federal court records may be sealed only through a defined procedure requiring judicial authorization and specific findings. As the Second Circuit has repeatedly held, documents may be withheld from public view only where the Court makes "specific, on-the-record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Here, the docket reflects:

- No motion to seal,
- No order granting sealing,
- No findings supporting closure, and

● No indication that access is restricted under a recognized exception.

Absent such steps, restricting access to a judicial filing is inconsistent with governing law and practice in this Circuit.

## Law governing public access to court records

Both the common law and the First Amendment establish a strong presumption of public access to judicial documents. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The Second Circuit has made clear that filings submitted in connection with judicial decision-making—particularly responses to orders to show cause—are "judicial documents" to which the presumption of access squarely applies. *Lugosch*, 435 F.3d at 121.

Administrative or technical restrictions that effectively bar public access, without a sealing order, are not a substitute for the required judicial process.

## Compelling public interest

This submission originates from Immigration and Customs Enforcement, a component of the U.S. Department of Homeland Security, and concerns a federal policy that has already been the subject of significant public scrutiny. There has been substantial secrecy surrounding the implementation and justification of this policy, despite its direct impact on civil liberties, immigration enforcement, and the expenditure of public funds.

As the Supreme Court has emphasized, openness in judicial proceedings "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13 (1986). Taxpayers and affected communities have a right to understand how federal agencies justify their actions when called to account in federal court.

Accordingly, *Newsday* respectfully requests that the Court:

1. Direct the Clerk to restore public access to Docket Entry #11 and its attachment(s), **or**
2. If the Court believes sealing is warranted, enter a sealing order setting forth the specific findings required by Second Circuit precedent.

Respectfully submitted,

**/s/ Janon Fisher**
Janon Fisher
Court Reporter, *Newsday*