UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ERRON ANTHONY CLARKE,

        Petitioner,

        v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.

        Respondents,

------------------------------------------------------x

**STATUS UPDATE ORDER**
25-CV-6773 (GRB)

FILED
CLERK
2/11/2026 9:11 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge**:

On December 18, 2025, this Court filed a Memorandum & Order, familiarity with which is assumed. Respondents have since made several filings in which they make commitments concerning voluntary remedial measures proposed and/or undertaken to ameliorate or remedy the conditions in the Central Islip Hold Room and other matters related to this case. However, to complete the record, Respondents are directed to address the following within seven days from the date of this Order:

1. Whether the Notice to Appear and Warrant of Arrest issued in this case preceded or succeeded petitioner Clarke's arrest by ICE officers. *See* Diaz Declaration, DE 9-1 ¶¶ 11, 13 (describing service of these documents without identifying time of issuance and service).

2. The actual times and dates that Clarke arrived at and departed from the Central Islip Hold Room, the Nassau County Correctional Center ("NCCC") and the Delaney Hall Detention Facility in Newark, New Jersey. *See* Flanagan

1

Declaration, DE 18-1 ¶18 (describing investigation into inaccuracies in ICE database without not providing results of investigation.)

3. The status of the lighting system changes in the CIHR, including specific information and documents demonstrating the progress of this effort and a timeline for its conclusion. *See* December 15 Diaz Declaration, DE 11-1 (stating that ICE is reviewing changes to lighting system in CIHR) and January 23 Flanagan Declaration, DE 18-1 (reporting ongoing review without stating progress).

4. The Notice of Rights that is and/or will be distributed to detainees arrested in this judicial district, including efforts to comply with the legal services notice requirements of 8 C.F.R. § 287.3(c).[1] *See* DE 18 at 3 ("ICE plans to provide all persons detained at the CIHR with a list of rights to which they are entitled, including the right to calls with counsel, food, water, changes in clothes, and personal hygiene items.").

5. The nature of the facilities being leased from the NCCC and their suitability for holding detainees, including the size and capacity of the holding cells, the amenities available (including bunks, bedding, toilets, sinks, showers, clean clothes) and whether detainees are provided access to meals, water, attorney calls and attorney visits. *See* Diaz Declaration, DE 11-1, ¶¶11-13 (suggesting

---

[1] The Court has reviewed one such list provided to another CIHR detainee. *See Lagos-Bonilla v. Bondi*, 26-CV-88 (GRB). That list identifies pro bono counsel in remote geographic regions, and with other limitations, but few, if any, counsel that would reasonably be available to assist a detainee in this district.

that Clarke "was also moved out of NCCC for the same reasons [i.e. NCCC not a long-term facility]" and is subject to "temporal limitations intended for the benefit of detainees").

6. Whether Respondents object to reducing the remedial measures they have proposed to a court order. If so, provide specifics as to the nature of any such objection.

Dated: February 11, 2026
     Central Islip, New York

SO ORDERED.

 /s/ Gary R. Brown
GARY R. BROWN
United States District Judge