UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ERRON ANTHONY CLARKE,<br><br>   *Petitioner,*<br><br> v.<br><br>NASSAU COUNTY CORRECTIONAL CENTER, *et al.*,<br>     *Respondents.* | No. 25-cv-06773 (GRB)<br><br><br>DECLARATION OF SUPERVISORY DETENTION AND DEPORTATION OFFICER JOHN C. DIAZ |

Pursuant to 28 U.S.C. § 1746, I, John C. Diaz, declare under penalty of perjury that the following is true and correct:

1. I am a Supervisory Detention and Deportation Officer in the New York City Field Office of Enforcement and Removal Operations ("ERO") New York at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I am assigned to ICE's Long Island Sub-Office, which encompasses Nassau and Suffolk County.

2. I respectfully submit this declaration to confirm that ICE has continued to undertake and maintain certain measures concerning conditions of the detention in the Central Islip Hold Room ("CIHR") and the Nassau County Correctional Center ("NCCC"). This declaration follows and reiterates those commitments made to this Court in declaration submitted by Assistant Field Office Director, Bryan Flanagan, submitted to the Court on April 23, 2026 ("Flanagan Declaration").

**Limits on Detention Times**

3. ICE has continued to hold detainees in the CIHR for no more than 12 hours from their arrival at the facility. ICE is not aware of any circumstance where a detainee has not been transferred to another facility within 12 hours of their arrival at the CIHR.

4. Where CIHR detainees have been arrested in the morning or afternoon, they have been transferred to other facilities each evening regardless of the stage of their post arrest processing.

5. Where individuals have been arrested by ICE in the early morning hours and subsequently processed into the CIHR, such detainees have been transferred in accordance with paragraph 3 of the Flanagan Declaration.

6. ICE has continued to maintain those commitments set forth in paragraphs 3-5 of the Flanagan Declaration. ICE is not aware of any exceptional circumstances which led to the commitments set forth in paragraphs 3-5 to not be followed.

7. As stated in paragraph 8 of the Flanagan declaration, and consistent with its agreements with Nassau County, ICE detainees may not be housed at the NCCC for more than 72 hours. ICE is not aware of any circumstances where an ICE Detainee was held at the NCCC for more than 72 hours.

**Limits on the Number of Persons in the CIHR Holding Rooms and at the NCCC**

8. ICE has and will continue to limit the capacity of each of the four holding rooms at the CIHR to no more than two detainees per room. At the time of this writing, ICE is not aware of any situation where more than two detainees were held in any single holding room at the CIHR.

9. Each detainee at the NCCC has and will continue to be detained in a manner consistent with laws, regulations, and policies applicable to NCCC. ICE is not aware of any circumstance where a detainee has been detained inconsistent with those laws, regulations, and policies applicable to the NCCC.

10. ICE is not aware of any exceptional circumstances requiring an exception to the commitments set forth in paragraphs 10 and 11 of the Flanagan Declaration.

**Temperature**

11. ICE has continued to make extra blankets available and promptly provided to detainees upon request at the CIHR and NCCC ICE Intake.

**Medical Care**

12. ICE has and will continue to inquire with every detainee during processing to determine whether there are any underlying or immediate medical issues that require attention.

13. In instances where detainees at the CIHR or NCCC have presented a medical issue requiring immediate attention, ICE has transported that detainee to a local hospital for evaluation and treatment. ICE will continue to transport detainees to a local hospital for evaluation and treatment under these circumstances.

14. ICE has and will continue to maintain emergency first aid kits and defibrillators at the CIHR which are and will continue to be kept in good condition and working order.

15. Detainees at the NCCC have and will continue to have the right to request and promptly receive medical care.

16. Every detainee in the CIHR and NCCC ICE Intake has and will continue to have the right to retain emergency inhalers in their possession at the time of arrest and receive from officers any prescribed medication in their possession at the time of arrest in a manner prescribed while in custody upon request.

**Meals and Water**

17. Upon being booked into the CIHR, ICE has and will continue to provide each detainee with a bottle of drinking water and pre-packaged "heater meal."

18. Additional bottles of water and meals have and been and will continue to be provided upon request at the CIHR.

19. While at NCCC, ICE detainees have been and will continue to be provided with meals and water in a manner consistent with laws, regulations, and policies applicable to the NCCC.

**Mats and Changes of Clothes**

20. Upon request, ICE has and will continue to provide CIHR detainees with padded mats upon which to rest.

21. ICE has and will continue to provide CIHR detainees with changes of clean clothing upon request and will provide a private area for the purpose of changing clothes.

**Personal Hygiene**

22. Each of the Hold Rooms at the CIHR has a toilet and sink, which are and will continue to be maintained in working order and sanitary condition.

23. Detainees at the CIHR and NCCC ICE Intake have been and will continue to be provided with paper towels, wet wipes, toothbrushes, and toothpaste as needed or upon request.

24. Female detainees at the CIHR and NCCC ICE intake have been and will continue to be provided with feminine hygiene products.

25. While at NCCC, ICE detainees have been and will continue to be provided with the above-described hygiene products and facilities in a manner consistent with laws, regulations, and policies applicable to the NCCC. As provided for in paragraph 27 of the Flanagan Declaration, NCCC continues to distribute a towel and a washcloth in place of paper towels and wet wipes.

**Telephone Calls**

26. CIHR detainees are and will continue to be permitted to make confidential, unmonitored, unrecorded, and temporally unrestricted free phone calls.

27. ICE has and will continue to make CIHR interview rooms available for confidential calls, including calls to counsel.

28. NCCC has and will continue to maintain practices and policies regarding phone calls and visitation as set forth in paragraphs 30 through 32 of the Flanagan Declaration.

**Detainee Notice of Rights**

29. Upon their detention at the CIHR, ICE has and will continue to provide each detainee with a Notice of Rights, a copy of which is attached as Exhibit A to the Flanagan Declaration.

30. Upon their detention at the NCCC, ICE has and will continue to provide each detainee with a Notice of Rights tailored to the requirements of the NCCC, a copy of which is attached as Exhibit B to the Flanagan Declaration.

31. Any notice of rights has and will continue to be presented to the detainee in a language understood by the detainee, and, where necessary, read and/or translated to that detainee.

**List of Pro Bono Legal Service Organizations**

32. Each individual arrested and detained by ICE on Long Island has been and will continue to be provided with a list of legal services organizations that may provide free or low-cost legal representation and/or assistance. ICE has continued to distribute this Court's proposed list, which is attached as Exhibit C to the Flanagan Declaration.

**Lighting in the CIHR**

33. As stated in the Flanagan Declaration, the General Services Administration completed work on the CIHR lighting system on March 27, 2026.

34. ICE has and will continue to ensure that this system is maintained in working order.

**Reporting Commitment**

35. This declaration serves as the first report concerning ICE's commitment to voluntarily provide this Court status updates as to the commitments made in the Flanagan Declaration on a quarterly basis.

36.     ICE will continue to provide this Court with a status update in the event of any material changes in circumstances that may arise impacting the commitments set forth in the Flanagan Declaration.

Executed at East Meadow, New York
This 3rd day of August 2026.

JOHN
C DIAZ

Digitally signed
by JOHN C DIAZ
Date: 2026.08.03
19:15:07 -04'00'

John C. Diaz
Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security